## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PRIDE ENERGY COMPANY, an<br>Oklahoma General Partnership, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN C. OXLEY, L.L.C., an Oklahoma<br>Limited Liability Company, | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-03-1590-C |
| | ) | |
| THE CRISPIN COMPANY, a Texas<br>Corporation; HAGER BROTHERS<br>PIPE, INC., an Oklahoma Corporation;<br>HALIBURTON ENERGY SERVICES,<br>INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE CRISPIN COMPANY, a Texas<br>Corporation, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PETROTUB-S.A., an instrumentality of<br>the Romanian government, and SOTA<br>COMMUNICATIONS COMPANY,<br>SRL, a Romanian Corporation, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is *Defendant, Halliburton Energy Services, Inc.'s Motion to Compel*. Plaintiff Pride Energy Company filed a response, a *Motion for an Order Compelling Fellers, Snider to Respond to Halliburton's Motion to Compel* and a *Motion for an Order Allowing Pride to Disclose the Fellers, Snider Letters in the Context of Two Depositions without Broadly Waiving Pride's Attorney-Client Privilege*. Defendant Petrotub-S.A. ("Petrotub") filed a response to Halliburton's motion to compel and a response to Pride Energy Company's motion to depose Petrotub and Petrotub's counsel. Defendant Halliburton filed a reply to Petrotub's response to the motion to compel and Plaintiff Pride Energy Company filed a reply to Petrotub's response to the motion to depose Petrotub and its counsel. These matters are now at issue.

The present dispute centers on four letters written by an attorney employed by the law firm referred to herein as Fellers, Snider. The letters were written in an attempt to engage in the representation of Plaintiff Pride Energy Company ("Pride"). The solicitation was unsuccessful and Pride is now represented by different counsel. Eventually, the Fellers, Snider firm, through different counsel, came to represent Defendant Petrotub. Defendant Halliburton Energy Services, Inc., ("Halliburton"), sought discovery of the letters from Pride and Petrotub and when they resisted, Halliburton filed the present motion.[1]

---

[1] Counsel are reminded that LCvR37.1 requires more than an exchange of letters prior to the filing of a motion to compel.

Pride argues that the letters are protected by the attorney-client privilege and therefore are not discoverable.  Pride does offer to disclose the letters for in camera inspection by the Court.  Pride also raises questions about the nature and extent of the discussions between Pride and the Fellers, Snider attorney.  In order to explore this issue, Pride seeks leave to depose the Fellers, Snider attorney to learn the extent of his knowledge and to depose a Petrotub representative to learn what information has been passed to that entity.  As part of the order granting the depositions, Pride seeks an order ruling that by questioning the attorney/representative it does not waive the attorney-client privilege as to other conversations on the same subject matter.

Although the parties' briefs offer some posturing and other extraneous matter, there is no serious dispute that the letters are governed by the attorney-client privilege.  Even absent that tacit agreement, based on the facts and arguments presented, the Court finds the letters are privileged.

> The attorney-client privilege applies if "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

United States ex rel. Stone v. Rockwell Int'l Corp., 144 F.R.D. 396, 399 (D. Colo. 1992) (quoting United States v. United Shoe Machinery Corp., 89 F.Supp. 349, 357-358 (D. Mass.

1950)).  Here, it is clear that the letters in question were generated as a result of discussions between Pride and the Fellers, Snider lawyer for the purpose of establishing a lawyer-client relationship.  As the first element makes clear, the fact that no relationship developed is not fatal to the creation of the privilege.

Unlike the work product doctrine, the attorney-client privilege is not overcome simply because the material sought is otherwise unavailable.  <u>See</u> <u>Wright & Graham</u>, Federal Practice and Procedure: Evidence § 5472.  Rather, once the privilege is established, the party seeking discovery must show waiver or some other exception.  <u>Id.</u> Here, Haliburton has done neither.  Indeed, Haliburton's briefs are utterly devoid of any argument or authority suggesting a basis for overcoming the privilege.  Accordingly, Halliburton's Motion to Compel will be denied.

As for Pride's request to depose the Fellers, Snider attorney, the Court finds the request represents the least intrusive method for determining the extent to which any conflict of interest may exist.  Pursuant to LCvR83.6(b), the Court has adopted the Oklahoma Rules of Professional conduct.  Rule 1.9(a) states in pertinent part:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

4

12 Okla. Stat. Chap. 1, App. 3-A, Rule 1.9.  Thus, if the Fellers, Snider lawyer entered into an attorney-client relationship with Pride[2], that lawyer would be barred from representing a party adverse to Pride, such as Petrotub, unless Pride agrees to waive the conflict.[3]  Pursuant to Rule 1.10, that disqualification would extend to all members of the Fellers, Snider firm.  The most expedient method of developing the facts necessary for resolution of this issue is the deposition of the Fellers, Snider lawyer.

Pride expresses some concern that by questioning the lawyer, it may waive the attorney-client privilege with regard to other communications on the same subject matter.  Pride requests the Court enter an order finding no such waiver.  The Court will not enter such a broad order.  Indeed, due to the factual nature of questions of waiver, it is impossible to determine at this time what may be waived or not waived.  What the Court can advise is that it does not intend that the inquiry into the nature of the relationship between the Fellers, Snider lawyer and Pride should create a gaping hole in the confidentiality that exists between Pride and the Fellers, Snider lawyer or Pride and its current counsel.  As for more specific issues, those can only be resolved once the factual and legal issues are fully developed by the parties.

---

[2] Although it was noted above that the letters were privileged because they were written in the course of developing an attorney-client relationship, that fact is not dispositive of whether such a relationship existed for application of Rule 1.9.

[3] The Court notes that Pride has conditionally waived the conflict.  The question to be resolved by the deposition is whether that waiver should continue or whether Pride will revoke it.

5

Pride's request to depose a representative of Petrotub will be denied.  It is not at all clear what questions, relevant to the issue, could be asked of Petrotub that would not invade the attorney-client privilege between Petrotub and its counsel.  Pride asserts that it seeks the deposition of Petrotub to learn the extent, if any, to which its position has been compromised by the Fellers, Snider lawyer.  This information can be learned from the lawyer and there is no apparent need to also question a Petrotub representative.

As set forth more fully herein, *Defendant, Halliburton Energy Services, Inc.'s Motion to Compel* (Dkt. No. 101) is DENIED.  Plaintiff Pride Energy Company's *Motion for an Order Compelling Fellers, Snider to Respond to Halliburton's Motion to Compel* (Dkt. No. 104) is DENIED.  Plaintiff Pride Energy Company's *Motion for an Order Allowing Pride to Disclose the Fellers, Snider Letters in the Context of Two Depositions without Broadly Waiving Pride's Attorney-Client Privilege* (Dkt. No. 105) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 29th day of April, 2005.

ROBIN J. CAUTHRON
United States District Judge